IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and SUSIE TOMPKINS,

      Plaintiffs,

v.                                              13cv840 JB/RHS

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION (ECSBC) et al.,

      Defendants.

## ORDER REGARDING SUBJECT MATTER JURISDICTION & LIFTING STAY

THIS MATTER comes before the Court upon the Order of Reference from the Honorable James O. Browning (Doc. 4). The fundamental question that must be answered before considering Plaintiffs' claims is whether the Court has jurisdiction to resolve this dispute. After careful review of the arguments proffered by the parties in their written submissions and oral presentations to the Court, the undersigned concludes that the Court does have subject matter jurisdiction and therefore the Court has the power to proceed in resolving the pending motions.

### Procedural Background

Plaintiffs filed a Verified Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc. 1) on September 4, 2013. Plaintiffs sued over 130 separate entities or individuals. Plaintiffs filed an Amended Complaint (Doc. 16) on September 18, 2013, in which they sought $12,400,000.

Two motions to dismiss raised the subject matter jurisdiction issue. Defendants Lifeway Christian Resources, Larry D. Cannon and Glorieta 2.0, Inc. moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc.

31). Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, and August Boto also moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 36). Both motions are fully briefed and pending before the Court.

The undersigned held a hearing on November 21, 2013 regarding the Court's jurisdiction (Doc. 103), pursuant to Judge Browning's referral (Doc. 4). The notice of hearing advised the parties that the undersigned would hear argument and receive testimony concerning the issues raised in the Executive Committee of the Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC), and D. August Boto's Motion to Dismiss Plaintiff's Verified Complaint Pursuant to Rule 12(b)(1) and Deny Plaintiffs' Second Petition to the Court for Emergency Hearing (Doc. 36) and Lifeway Christian Resources,' Larry D. Cannon's and Glorieta 2.0, Inc.'s Motion to Dismiss Verified Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), and Request to Defer Plaintiffs' Second Petition for Emergency Hearing Until Jurisdictional Issues Are Resolved (Doc. 31).

After the hearing, Plaintiffs and the remaining Defendants filed proposed findings of fact and conclusions of law (Docs. 105, 106, 107) on December 5, 2013. After reviewing the submissions, the undersigned requested supplemental proposed findings of fact and conclusions of law and optional briefs regarding subject matter jurisdiction (Doc. 109), which Plaintiffs and the Defendants timely filed (Docs. 110, 111, 112, 113, and 114).

Certain defense arguments have been abandoned in the course of litigation. Due in part to how the facts developed at the November 21, 2013 hearing, some Defendants abandoned arguments that were made in earlier Motions to Dismiss (Docs. 31 and 36) and new positions were stated in the proposed findings of fact and conclusions of law. Specifically, the arguments that the Court does not have subject matter jurisdiction (Doc. 31 at 7 and Doc. 36 at 12) have

been abandoned and all parties argue that the Court does have subject matter jurisdiction pursuant to diversity of citizenship jurisdiction because defendants who destroyed diversity were voluntarily dismissed (Doc. 102).

### Subject Matter Jurisdiction
*Does the Court Have the Power to Hear the Case?*

Federal courts are courts of limited jurisdiction, and statute specifies cases that can be heard by the United States District Courts:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> **(1)** citizens of different States. . .

28 U.S.C. § 1332.

The amount in controversy requirement can be satisfied either by a plaintiff's damages or a defendant's costs to comply with a ruling in a plaintiff's favor. "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." McPhail v. Deere & Co., 529 F.3d 947, 955 (10th Cir. 2008) (citing Meridian Security Insurance Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). The legal certainty standard is sufficiently strict as to make dismissal for lack of amount in controversy difficult. Woodmen v. Manganaro, 342 F.3 1213, 1216 (10th Cir. 2003). The amount alleged by plaintiff is favored. Id. Dismissal is generally only warranted when a contract or law limits recovery, or when there is an obvious abuse of federal jurisdiction. Id.

### Findings of Fact

1. More than $75,000 is in controversy. Plaintiffs have alleged damages in excess of $400,000 and replacement costs of $430,000 for their religious retreat (Doc. 110 at 4-5). Plaintiffs seek injunctive relief (Doc. 16 at 29), which Defendants contend would cost Defendants more than $75,000 if the granted (Doc. 31-2 at ¶ 14-15).

2. Plaintiffs, L. Kirk Tompkins and Susie Tompkins, are citizens of the State of Arkansas (Hearing on November 21, 2013, recording at 9:26 – 9:33 a.m.).

3. Each and every remaining Defendant is a citizen of a state other than Arkansas.

   a. Defendant LifeWay Christian Resources of the Southern Baptist Convention is a Tennessee religious non-profit corporation (Doc. 36-1, Boto Aff. ¶ 10).

   b. The Southern Baptist Convention is a Georgia corporation (Doc. 36-1, Boto Aff. ¶ 3).

   c. The Executive Committee of the Southern Baptist Convention ("ECSBC") is a Tennessee nonprofit public benefit religious corporation (Doc. 36-1, Boto Aff. ¶ 10).

   d. Glorieta 2.0, Inc. is incorporated as a non-profit corporation in New Mexico (Doc. 31-4).

   e. David Weekley, a director of Glorieta 2.0, Inc., is a resident of Texas (Doc. 77-1).

   f. Leonard Russo, a director of Glorieta 2.0, Inc., is a resident of Texas (Doc. 60-1).

   g. Terry Looper, a director of Glorieta 2.0, Inc., is a resident of Texas Doc. (Doc. 60-2).

   h. Thom Rainer, President of Lifeway Christian Resources of the Southern Baptist Convention, is a citizen of Tennessee (Doc. 120-1).

   i. Jerry Rhyne, Chief Financial Officer of Lifeway Christian Resources of the Southern Baptist Convention, is a citizen of Tennessee (Doc. 120-1).

j.  Larry D. Cannon, General Counsel and Corporate Secretary of Lifeway Christian Resources of the Southern Baptist Convention, is a citizen of Tennessee (Doc. 120-1).

k.  Terry S. Braswell, a Trustee of Lifeway Christian Resources of the Southern Baptist Convention, is a citizen of Georgia (Doc. 69-1).

l.  Travis Best is a citizen of Idaho (Doc. 120-1).

m.  Charles "Craig" Carlisle is a citizen of Alabama (Doc. 120-1).

n.  Frank S. Page, President and Chief Executive Officer of Defendant Executive Committee of the Southern Baptist Convention, is a citizen of Tennessee (Doc. 119).

o.  D. August Boto, Executive Vice President and General Counsel of the Executive Committee of the Southern Baptist Convention, is a citizen of Tennessee (Doc. 119).

Conclusion of Law

The Court has subject matter jurisdiction under 28 U.S.C. § 1332 because more than $75,000 is in controversy and all Plaintiffs are diverse, in terms of their citizenship, from all Defendants.  Since the Court has subject matter jurisdiction pursuant to § 1332, the Court need not consider the arguments regarding federal question jurisdiction § 1331.  The stay imposed (Doc. 104) until the Court's subject matter jurisdiction is resolved is lifted.  All other issues not specifically addressed here remain pending before the Court.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE