IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**L. KIRK TOMPKINS and SUSIE TOMPKINS,**

    **Plaintiffs,**

v.                                                                           13cv840 JB/RHS

**EXECUTIVE COMMITTEE OF THE**
**SOUTHERN BAPTIST CONVENTION (ECSBC) et al.,**

    **Defendants.**

## ORDER FOR MORE DEFINITE STATEMENT

THIS MATTER comes before the Court upon the Order of Reference from the Honorable James O. Browning (Doc. 4). The undersigned previously determined that the Court has subject matter jurisdiction to proceed in resolving the dispute (Doc. 121), and now turns to the specifics of Plaintiffs' Amended Complaint (Doc. 16). After reviewing the Amended Complaint, the Court concludes that a more definite statement is necessary to address Plaintiffs' claims as to each and every individual and institutional Defendant. Plaintiffs must file an Amended Complaint on or before April 8, 2014.

Background

Plaintiffs filed a Verified Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc. 1) on September 4, 2013. Plaintiffs originally sued over 130 separate entities or individuals. Plaintiffs filed an Amended Complaint (Doc. 16) on September 18, 2013, in which they sought $12,400,000. The Amended Complaint is thirty (30) pages and the attachments are an additional forty-one (41) pages. Despite its length, the document does not clearly state what cause of action Plaintiffs wish to pursue against each named Defendant. The Amended Complaint states common facts, seeks an emergency temporary restraining order, cites

the Statute of Frauds, and mentions irreparable harm. However, Plaintiffs do not enumerate any claims (for example, "Count I: Breach of Contract by Defendant X" or "Count II: Fraud by Defendant Y"). Some individual Defendants (but not all individual Defendants) have moved to dismiss for Plaintiff's failure to state a claim, lack of personal jurisdiction, and/or ineffective service of process. Institutional Defendants have moved to dismiss as well (Docs. 31, 36) at this time, only a few arguments are live issues pending before the Court.

Defendants Lifeway Christian Resources, Larry D. Cannon and Glorieta 2.0, Inc. moved to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 31). Individual Defendant Cannon asserts that the Amended Complaint fails to state a claim against him and is devoid of factual allegations directed at him (Doc. 31 at 21). Plaintiffs did not respond to the arguments raised by Defendant Cannon, and as such has conceded the arguments dismissing Defendant Cannon for failure to state a claim against him. The issue has been fully briefed and is ready to review.

Individual Defendants Leonard Russo and Terry Looper also moved to dismiss Plaintiffs' Amended Complaint under Rules 12(b)(1) and 12(b)(6) (Doc. 60). They argue that the Court does not have personal jurisdiction over them and that Plaintiffs have failed to state a claim against them. In accordance with the Local Rules (D.N.M.LR Civ. 7.4(a)) Plaintiffs' response was due on November 7, 2014, fourteen (14) days after the motion was filed on October 24, 2013. However, Plaintiffs did not respond. A stay was imposed in this case on November 21, 2013 (Doc. 104), but by that time Plaintiffs had already missed the deadline to respond to Defendant Russo and Looper's Motion to Dismiss and had ignored similar arguments raised in Defendant Cannon's Motion.

Individual Defendant Terry Braswell also moved to dismiss on October 28, 2013 because the Court lacks personal jurisdiction over him and because Plaintiffs have failed to state a claim (Doc. 69). Defendant Braswell additionally argues that the purported service of process on him was defective. Individual Defendants Michael Deahl and Jerry Webb, who were originally a party to this motion, have since been dismissed (Doc. 102) and the motion was withdrawn as to them (Doc. 115). Plaintiffs have not filed a responsive brief and the deadline for doing so was November 12, 2013, in accordance with D.N.M.LR Civ. 7.4(a).

Individual Defendant David Weekley filed a Motion to Dismiss Verified Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6), to Quash Improper Service of Process, and Request to Defer Plaintiffs' Second Petition for Emergency Hearing Until Jurisdictional Issues Are Resolved (Doc. 77) on November 1, 2013. Defendant Weekley filed a Notice of Completion of Briefing on March 14, 2014 (Doc. 118). Plaintiffs' response was due on November 15, 2013, D.N.M.LR Civ. 7.4(a), but Plaintiffs have not responded.

On November 21, 2013, many individual Defendants were dismissed (Doc. 102). Only eleven (11) individual Defendants remain.

## Relevant Law

The Federal Rules of Civil Procedure provides guidance to plaintiffs as to how to state a claim for relief.

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>     (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>     (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>     (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>     . . .
> (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.

> (1) *In General.* Each allegation must be simple, concise, and direct. No technical form is required.

Fed. R. Civ. P. 8

Rule 8 has been interpreted by the Tenth Circuit Court of Appeals in a case involving a *pro se* plaintiff who filed a long complaint naming numerous defendants:

> to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated. After all, these are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

<u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.</u>, 492 F.3d 1158, 1163 (10th Cir. 2007).

In this case, Plaintiffs appear to raise fraud as a claim. Fraud allegations have special pleading requirements. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

<u>Individual Defendants</u>

The individual Defendants who are currently party to the litigation are:

1. David Weekley, a director of Glorieta 2.0, Inc., a resident of Texas (Doc. 77-1).
2. Leonard Russo, a director of Glorieta 2.0, Inc., a resident of Texas (Doc. 60-1).
3. Terry Looper, a director of Glorieta 2.0, Inc., a resident of Texas (Doc. 60-2).
4. Thom Rainer, President of Lifeway Christian Resources of the Southern Baptist Convention, a citizen of Tennessee (Doc. 120-1).
5. Jerry Rhyne, Chief Financial Officer of Lifeway Christian Resources of the Southern Baptist Convention, a citizen of Tennessee (Doc. 120-1).
6. Larry D. Cannon, General Counsel and Corporate Secretary of Lifeway Christian Resources of the Southern Baptist Convention, a citizen of Tennessee (Doc. 120-1).
7. Terry S. Braswell, a Trustee of Lifeway Christian Resources of the Southern Baptist Convention, a citizen of Georgia (Doc. 69-1).
8. Travis Best, a citizen of Idaho (Doc. 120-1).
9. Charles "Craig" Carlisle, a citizen of Alabama (Doc. 120-1).

10. Frank S. Page, President and Chief Executive Officer of the Executive Committee of the Southern Baptist Convention, a citizen of Tennessee (Doc. 119).
11. D. August Boto, Executive Vice President and General Counsel of the Executive Committee of the Southern Baptist Convention, a citizen of Tennessee (Doc. 119).

For each of these individual Defendants, Plaintiffs must amend their Complaint to state what "defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated," consistent with Nasious, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiffs must limit their allegations to what any individual Defendant did to Plaintiffs, and not digress into any allegation of what any individual Defendant did to any other party who is not a named plaintiff.  Any supporting affidavits must state with specificity what Defendants did to Plaintiffs, not what any Defendant did to the affiant.

Additionally, Plaintiffs must separately state the basis for the Court's personal jurisdiction over each of these individual Defendants.  Several individual Defendants (Russo, Looper (Docs. 60), Braswell (Doc. 69), and Weekley (Doc. 77)) have asserted that the Court does not have personal jurisdiction over them, and Plaintiff has not responded to this argument. None of the eleven (11) individual Defendants are citizens of New Mexico, thus the Court requires that Plaintiffs provide some basis for the Court asserting personal jurisdiction over them.

Plaintiffs have chosen to sue individuals associated with various entities, and those same entities.  In preparing the Amended Complaint, Plaintiffs are requested to pay close attention to their allegations, and to the best of Plaintiffs' abilities, make clear what Plaintiffs allege any one of the individual Defendants did as individuals to harm Plaintiffs, versus any allegations that are more appropriately directed at the institutional Defendants.

If Plaintiffs wish to voluntarily dismiss any or all individual Defendants, such dismissal will constitute compliance with this Order for More Definite Statement as to the dismissed

Defendant.  Plaintiffs may file a short and simple notice of voluntarily dismissal and state the name of the individual Defendant(s) Plaintiffs wish to dismiss from the litigation.  Once a notice of voluntary dismissal is filed regarding a Defendant, Plaintiffs will be relieved of their obligation to explain what that Defendant did to Plaintiffs, when they did it, how the action harmed Plaintiffs, what legal right Plaintiffs believe that Defendant violated, and how the Court has personal jurisdiction over that Defendant.

### Institutional Defendants

The individual Defendants who are currently party to the litigation are:

1. The Executive Committee of the Southern Baptist Convention
2. The Southern Baptist Convention
3. LifeWay Christian Resources of the Southern Baptist Convention
4. Glorieta 2.0, Inc.

As above, Plaintiffs must amend their Complaint to state what each institutional Defendant did to Plaintiffs, when the Defendant did it, how the Defendant's action harmed Plaintiffs, and what specific legal rights the Plaintiffs believe the Defendant violated.  If Plaintiffs determine that it is appropriate to dismiss any institutional Defendant, Plaintiffs may do so and then be relieved of their obligation to supply a more definite statement for any dismissed Defendant.

Plaintiffs must file their Amended Complaint with a more definite statement on or before April 8, 2014.  "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12.  Plaintiffs are reminded that they may voluntarily dismiss any or all individual Defendants, and/or Plaintiffs may voluntarily dismiss any or all institutional Defendants, and such dismissal would constitute compliance with

the Court's Order for More Definite Statement as to any Defendants voluntarily dismissed by Plaintiffs.

After Plaintiffs file an Amended Complaint, Defendants must file responsive pleadings within twenty-one (21) days, consistent with Fed. R. Civ. 12.  If Plaintiffs' Amended Complaint or any subsequent responsive pleading by Defendants, such as an amended motion to dismiss, renders moot any previously filed pending motions, the Court requests that counsel promptly withdraw any motions deemed moot by the movant.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE