IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and SUSIE TOMPKINS,

        Plaintiffs,

v.                                                       13cv840 JB/RHS

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION (ECSBC) et al.,

        Defendants.

## SECOND ORDER FOR MORE DEFINITE STATEMENT

THIS MATTER comes before the Court *sua sponte.* The Court recently entered an Order for More Definite Statement (Doc. 122), and Plaintiffs, who appear *pro se,* filed a timely response (Doc. 123). However, after reviewing Plaintiffs' filing, the Court concludes that more guidance is necessary and Plaintiffs will be given another opportunity to comply with the previous Order. The Court provides that guidance here and sets a new date for Plaintiffs to file a Third Amended Complaint.

### Relevant Law: Short and Plain Statement

The Federal Rules of Civil Procedure require that pleadings be short and plain. The Court directs Plaintiffs' attention to the *short* requirement.

>  (a) Claim for Relief. A pleading that states a claim for relief must contain:
> (1) a *short* and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a *short* and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
> . . .
>  (d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
> (1) In General. Each allegation must be *simple, concise, and direct.* No technical form is required.

Fed. R. Civ. P. 8 (emphasis added).

Plainitiffs' recent filing on April 8, 2014 (Doc. 123) is 241 pages.  A filing of such length is not short.  The Verified Second Amended Complaint is 41 pages and Plaintiffs attached a brief in support that is 54 pages.  Plaintiff also provided 19 exhibits (Doc. 123).

As the Court stated in its previous Order for More Definite Statement (Doc. 122), Rule 8 has been interpreted by the Tenth Circuit Court of Appeals in a case involving a *pro se* plaintiff who filed a long complaint naming numerous defendants:

> to state a claim in federal court, *a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.* After all, these are, very basically put, the elements that enable the legal system to get weaving—permitting the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits.

<u>Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.</u>, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added).  Plaintiffs are cautioned to follow this Tenth Circuit precedent in amending the Complaint.

### **Amendment Necessary to Comply with Federal Rules and Tenth Circuit Precedent**

After reviewing the Second Amended Complaint (Doc. 123), the Court concludes that a more definite statement is necessary to address Plaintiffs' claims as to each and every individual and institutional Defendant.  Despite its length, the Verified Second Amended Complaint does not clearly state what cause of action Plaintiffs wish to pursue against each named Defendant.  Plaintiffs do enumerate claims, but it is still not entirely clear what legal right Plaintiffs are pursuing under each count and which Defendant(s) allegedly violated the legal right in question.

For Count I, Plaintiffs allege "Violations Corporate Charter, By-Laws and Subterfuge" (Doc. 123 at 10-22).   Since this Count covers 12 pages and mentions various Defendants, the Court requests that Plaintiffs amend so that the heading of Count I lists each and every

Defendant who Plaintiffs allege violated the corporate charter and by-laws and who committed subterfuge so that those Defendants are on notice to respond to Count I.  Simple sentences may assist Plaintiffs in making their allegations, such as "Defendant X violated _____ by _____."  Plaintiffs are reminded that every detail need not be repeated in a complaint since a complaint is only the beginning of a lawsuit and not the proof stage; a short and plain statement will suffice.

For Count II, Plaintiffs allege "Fraudulent Conveyance" (Doc. 123 at 23-29) and again mention various Defendants, but it is difficult to decipher whether a Defendant is mentioned as background or if Plaintiffs are alleging that every Defendant mentioned under Count II fraudulently conveyed something.  The Court requests that Plaintiffs amend so that the heading of Count II lists each and every Defendant who Plaintiffs allege fraudulently conveyed something.  Under Count II, Plaintiffs appear to raise fraud as a claim.  Fraud allegations have special pleading requirements.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

For Count III, Plaintiffs allege "Inurement" (Doc. 123 at 29-30).  Plaintiff must amend so that the heading lists each and every Defendant who Plaintiffs allege is liable for inurement and the action(s) that makes that Defendant liable for inurement.

For Count IV, Plaintiffs allege "United States Constitution and United States Code" (Doc. 123 at 32-33).  This is entirely too broad in order to provide Defendants notice of the allegations against them.  Plaintiffs must amend Count IV to state with specificity what right given by the United States Constitution has been violated and must name each and every Defendant who allegedly violated that right or provision of the United States Constitution so that

the appropriate Defendant can formulate a response. If Plaintiffs also contend that Defendants have violated United States Code, which is voluminous, Plaintiffs must state which part of the Code, or at the very least, the specific legal principle that Defendants violated and also name the Defendant(s) who violated that section of the Code. The Code occupies many shelves in the law library, and the Court cannot spend its time guessing as to what part of the Code Plaintiffs allege any particular Defendant violated. It is insufficient for Plaintiff state general legal principles elsewhere in the Second Amended Complaint (Doc. 123 at 36-39) without linking those laws to what a specific Defendant did to violate Plaintiffs' rights.

Count V is a request for injunctive relief rather than a claim that any Defendant violated any legal right and as such the Court will hold the request in abeyance until Plaintiffs' claims against Defendants are more clear.

### Personal Jurisdiction Over Individual Defendants

In the previous Order for More Definite Statement (Doc. 122), the Court instructed Plaintiffs to separately state the basis for the Court's personal jurisdiction over each of the individual Defendants. Several individual Defendants (Russo, Looper (Docs. 60), Braswell (Doc. 69), and Weekley (Doc. 77)) have asserted that the Court does not have personal jurisdiction over them, and Plaintiff has not responded to this argument. None of the eleven (11) individual Defendants are citizens of New Mexico, thus the Court requires that Plaintiffs provide some basis for the Court asserting personal jurisdiction over them. The Second Amended Complaint mentions jurisdiction (Doc. 123 at 7) and proceeds to list the individual Defendants, but there is still not any basis for the Court's personal jurisdiction over these individuals. The Court cautions Plaintiffs that the Court may dismiss individual Defendants without further notice to Plaintiffs if Plaintiffs cannot provide a basis for the Court's jurisdiction.

Plaintiffs are reminded that they may voluntarily dismiss any or all individual Defendants, and/or Plaintiffs may voluntarily dismiss any or all institutional Defendants, and such dismissal would constitute compliance with the Court's Second Order for More Definite Statement as to any Defendants voluntarily dismissed by Plaintiffs.

## Next Steps

Plaintiffs must file their Third Amended Complaint with a more definite statement on or before April 25, 2014.  "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12.

After Plaintiffs file a Third Amended Complaint, Defendants must file responsive pleadings within twenty-one (21) days, consistent with Fed. R. Civ. P. 12.  If Plaintiffs' Third Amended Complaint or any subsequent responsive pleading by Defendants, such as an amended motion to dismiss, renders moot any previously filed pending motions, the Court requests that counsel promptly withdraw any motions deemed moot by the movant.

Plaintiffs filed a Verified Brief in Support of Plaintiffs' Verified Second Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment; Twelve Million, Four Hundred Thousand ($12,400,000.00) United States Dollars (Doc. 123-1).  The Court strikes this Brief and Motions without prejudice, and Defendants need not respond to motions attached to a complaint.

Plaintiffs are cautioned that unlimited amendments will not be allowed. Plaintiffs must state their allegations in a short and plain statement that allows Defendants to respond as directly as possible for the lawsuit to proceed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE