## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and
SUSIE TOMPKINS,

     Plaintiffs,

vs.                                                        No. CIV 13-0840 JB/RHS

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION
(ECSBC) SOUTHERN BAPTIST
CONVENTION (S.B.C.); LIFEWAY
CHRISTIAN RESOURCES OF THE
SOUTHERN BAPTIST CONVENTION (LCR);
LIFEWAY CHRISTIAN RESOURCES OF
THE SOUTHERN BAPTIST CONVENTION,
INC.; GLORIETA 2.O, INC. (G2.O); DAVID
WEEKLEY, DIRECTOR OF GLORIETA 2.O
INC.; LEONARD RUSSO, DIRECTOR OF
GLORIETA 2.O INC; TERRY LOOPER,
DIRECTOR OF GLORIETA 2.O INC.;
THOM RAINER, PRESIDENT, LCR;
JERRY L. RHYNE, CFO, LCR; ADAM
GREENWAY, CHAIRMAN, LCR; MICHAEL
DEAHL, TRUSTEES VICE CHAIRMAN, LCR;
LARRY D. CANNON, SECRETARY, L.C.R.;
TERRY S. BRASWELL, DIRECTOR, L.C.R.;
TRAVIS BEST, DIRECTOR, L.C.R.; CRAIG
CARSLILE, DIRECTOR, L.C.R.; JOHN
BIGGS, DIRECTOR, L.C.R.; RONALD C.
BARBER, DIRECTOR, L.C.R.; DOROTHY
BARKER, DIRECTOR, L.C.R.; CHARLES
CARLISLE, DIRECTOR, L.C.R.; FRANK S.
PAGE, PRESIDENT & C.E.O., (ECSBC);
ERNEST L. EASLEY, CHAIRMAN, (ECSBC);
JOHN L. YEATS, EXECUTIVE DIRECTOR,
(ECSBC); C. ASHLEY CLAYTON,
ASSOCIATE V.P., (ECSBC); BECKY
CHANDLER, EXECUTIVE ASSISTANT,
(ECSBC); D. AUGUST BOTO, EXECUTIVE
V.P. (ECSBC); MICHAEL W. ROUTT,
(ECSBC); FRED. LUTER, (ECSBC); CHRISM.
CHAPMAN, (ECSBC); WAYNE MANN,
(ECSBC); CHRIS S. OSBORNE, (ECSBC);

LEANNE B. ADAMS, (ECSBC); WILLIAM E.
TOWNES, V.P., (ECSBC); DONALD R.
MAGEE, ASSOCIATE V.P. (ECSBC); RODNEY
F. AUTREY, (ECSBC); PHILLIP W. BAKER,
(ECSBC); MARTHA CLARK, (ECSBC);
ROGERS. OLDHAM, V.P., (ECSBC); ARTHUR
J. TOALSTON, JR., (ECSBC); MICHAEL
FOUST, (ECSBC); BOBBY H. WELCH,
(ECSBC); DIANA CHANDLER, (ECSBC);
ANDY BEACHUM, (ECSBC); W. THOMAS
HAMMOND, JR., V.P., (ECSBC); DEBBY
AKERMAN, WMU NATIONAL PRESIDENT,
(ECSBC); KENNETH W. ALFORD, (ECSBC);
JAMES W. AVERETT, (ECSBC); MARK H.
BALLARD, (ECSBC); TOM BILES, (ECSBC);
CHARLES W. BOLING, (ECSBC); WILMA J.
BOOTH, (ECSBC); TIM W. BRASHER, (ECSBC);
CHARLES R. CHAMBERS, (ECSBC); M. KENT
CHOATE, (ECSBC); TONY L. CRISP, (ECSBC);
B. SCOTT DAVIS, (ECSBC); EDWARD J. DEASE,
III, (ECSBC); EDDIE W. DEHONDT, JR, (ECSBC);
PROCOPIO U. DELEON, (ECSBC); DAVID O.
DYKES, (ECSBC); ROBERT O. FRESHOUR,
(ECSBC); DA VTD A. HALL, (ECSBC); SHANE B.
HALL, (ECSBC); DAVID E. HAMILTON, (ECSBC);
TED I. I·IANEY, (ECSBC); BEDFORD F. HANSON,
(ECSBC); PHIL HARPER, (ECSBC); PHILLIP
HERRING, (ECSBC); REBECCA S. ILLINGWORTH,
(ECSBC); RALPH (DALE) JENKINS, (ECSBC);
BENJAMIN F. KELLY, (ECSBC); WILLIAM E.
KINCHEN, (ECSBC); DAVID W. KING, (ECSBC);
BOBBY L. KIRK, (ECSBC); FRANKLIN D.
KOVALESKI, (ECSBC); BARRY P. LADD, (ECSBC);
MICHAEL L. LAWSON, (ECSBC); STEVEN W.
LOGGINS, (ECSBC); R. RON MADISON, (ECSBC);
TIMOTHY D. MAYNARD, (ECSBC); GARY O.
MCKEAN, (ECSBC); CHRISTOPHER D. METCALF,
(ECSBC); TOMMY G. MIDDLETON, (ECSBC);
DAVID R. MITCHELL, JR, (ECSBC); TERRY H.
MONTGOMER, (ECSBC); JOHN H. MOORE, (ECSBC);
D. WAYNE MYRICK, (ECSBC); ROBERT NEELY,
(ECSBC); TIMOTHY A. OHLS, (ECSBC); RYAN A.
PACK, (ECSBC); L. DOUGLAS, (ECSBC); JEFF L.

PAUL, (ECSBC); PAT J. PAVLIAN, (ECSBC);
DAVID C. PERDUE, (ECSBC); BILL PRINCE,
(ECSBC); ROBERT (ALAN) QUIGLEY, (ECSBC);
JAMES A. RAY, (ECSBC); WAYNE ROBERTSON,
(ECSBC); BRUCE V. ROWELL, (ECSBC);
STEPHPEN N. RUMMAGE, (ECSBC); LOVINA
K. RUSH, (ECSBC); MICHAEL L. SCIFRES,
(ECSBC); JAY F. SHELL, (ECSBC); JOHN
MARK SIMMONS, (ECSBC); DANNY S.
SINQUEFIELD, (ECSBC); JOHN E. SMITH,
(ECSBC); ARNALDO SOTO·CUEVAS,
(ECSBC); ROGER L. SPRADLIN, (ECSBC);
MILTON F. STECK, (ECSBC); ROBERT E.
STENNETT, (ECSBC); DALE R. SUEL, (ECSBC);
ROBERT D. SUMMERLIN, (ECSBC); G.
HARRIS WARNER, JR., (ECSBC); JEFFREY B.
WATSON, (ECSBC); STANLEY J. WELCH,
(ECSBC); BRADFORD M. WHEELER, (ECSBC);
BILL D. WHITTAKER, (ECSBC); ANDY H.
WILSON, (ECSBC); JAMISON L. WORK,
(ECSBC); CAROL A. YARBER; (ECSBC); JOHN
L. YEATS, (ECSBC),

      Defendants.

**ORDER ADOPTING IN PART AND NOT ADOPTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS AS TO DOCS. 21, 36, 60, 69, AND 77, AND OVERRULING IN PART AND SUSTAINING IN PART THE PLAINTIFFS' EXCEPTIONS TO THE MAGISTRATE JUDGES'S RECOMMENDATIONS SUPPORTED BY VERIFIED EVIDENCE WITH PLAINTIFFS' FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO DOCS. 21, 36, 60, 69, AND 77[1]**

---

[1]This Order disposes of the Plaintiffs' Exceptions to Magistrate's Recommendations Supported by Verified Evidence with Plaintiffs' Findings of Fact and Conclusions of Law, filed September 18, 2014 (Doc. 173), regarding the recommendations for Docs. 21, 36, 60, 69, and 77 in the Magistrate Judge's Amended Report and Recommendations, filed September 5, 2014 (Doc. 172)("PFRD"), adopts or rejects the portions of the PFRD relating to these five motions, and fully disposes with these five motions.   The Court will, however, at a later date issue a Memorandum Opinion more fully detailing its rationale for this decision.   The Court will also, at a later date, issue a Memorandum Opinion and Order addressing the PFRD's remaining recommendations.

**THIS MATTER** comes before the Court on the Magistrate Judge's Amended Report and Recommendations, filed September 5, 2014 (Doc. 172)("PFRD"). The PFRD recommends, among other things, that the Court grant the Defendants' following motions: (i) Executive Committee of the Southern Baptist Convention (ECSBS), Southern Baptist Convention (SBC), and D. August Boto's Motion to Dismiss Plaintiffs' Verified Amended Complaint (Doc. 16) Pursuant to Rule 12(b)(1) and Deny Plaintiffs' Second Petition to the Court for Emergency Hearing (Doc. 21), filed October 4, 2013 (Doc. 36)("SMJ MTD"); (ii) Leonard Russo and Terry Looper's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdiction Issues are Resolved, filed October 24, 2013 (Doc. 60)("Russo & Looper MTD"); (iii) Terry Braswell, Michael Deahl, and Jerry Webb's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdictional Issues are Resolved, filed October 28, 2013 (Doc. 69)("Braswell, Deahl, & Webb MTD"); and (iv) David Weekley's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), to Quash Improper Service of Process, and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdictional Issues are Resolved, filed November 1, 2013 (Doc. 77)("Weekley MTD").  The PFRD also recommends that the Court deny the Plaintiffs' 2nd Petition to the Court for Emergency Hearing for Temporary Restraining Order, filed September 25, 2013 (Doc. 21)("Petition for Emergency Hearing").  The time for filing objections expired on September 22, 2014.  On September 18, 2014, the Plaintiffs timely filed objections.  See Plaintiffs' Exceptions to Magistrate's Recommendations Supported by

Verified Evidence with Plaintiffs' Findings of Fact and Conclusions of Law, filed September 18, 2014 (Doc. 173)("Objections").

The Court has made a de novo determination and agrees in part with the PFRD of the Honorable Robert H. Scott, United States Magistrate Judge for the District of New Mexico. There are, however, portions of the PFRD with which the Court does not agree and does not adopt. The Court has considered the Plaintiffs' Objections, the Response of Lifeway Christian Resources, Glorieta 2.0, Inc., Larry D. Cannon, Jerry Rhyne, Thom Rainer, Terry Braswell, David Weekley, Leonard Russo and Terry Looper to Plaintiffs' Exceptions to Magistrate's Recommendations (Doc. 173), filed September 25, 2014 (Doc. 174)("Response"), and the pleadings on file in the above-captioned cause, and hereby concludes that most of the Plaintiffs' Objections lack a sound basis in law and fact, and overrules them.   The Court overrules the Plaintiffs' Objections to the PFRD's recommendations to grant the Russo & Looper MTD (Doc. 60); the Braswell, Deahl, & Webb MTD (Doc. 69); and the Weekley MTD (Doc. 77).   The Court sustains in part and overrules in part the Plaintiffs' Objection to the PFRD's recommendation to grant the SMJ MTD (Doc. 36), and the Court will grant in part and deny in part the SMJ MTD.   The Court also adopts the PFRD to deny the Petition for Emergency Hearing (Doc. 21).[2]

---

[2]The Plaintiffs did not Object to the PFRD's recommendation to deny the Petition for Emergency Hearing.   See Objections ¶ 84, at 29.   The Court finds that the PFRD's recommendation that the Court deny the Petition for Emergency Hearing was not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and will deny the Petition for Emergency Hearing.

## **LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS**

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.   See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").   Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."   Finally, when resolving objections to a Magistrate Judge's proposal, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.   The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."   Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.   A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).   As the United States Court of Appeals for the Tenth Circuit has noted, "the

filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."   One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Assoc., 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   One Parcel, 73 F.3d at 1060.   "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'"   One Parcel, 73 F.3d at 1059 (citations omitted).   In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."   Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).   See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").   In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."   Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value.").   The Tenth Circuit has stated:

In this circuit, unpublished orders are not binding precedent, . . . and we have

In One Parcel, the Tenth Circuit, in accord with other courts of appeals, expanded the

waiver rule to cover objections that are timely but too general.   See One Parcel, 73 F.3d at

1060.   The Supreme Court of the United States -- in the course of approving the United States

Court of Appeals for the Sixth Circuit's use of the waiver rule -- noted:

> It does not appear that Congress intended to require district court review of a
> magistrate's factual or legal conclusions, under a *de novo* or any other standard,
> when neither party objects to those findings.   The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of
> review the district court should perform when no party objects to the magistrate's
> report.   See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R.
> Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162
> (hereafter House Report).   There is nothing in those Reports, however, that
> demonstrates an intent to require the district court to give any more consideration
> to the magistrate's report than the court considers appropriate.   Moreover, the
> Subcommittee that drafted and held hearings on the 1976 amendments had before
> it the guidelines of the Administrative Office of the United States Courts
> concerning the efficient use of magistrates.   Those guidelines recommended to
> the district courts that "[w]here a magistrate makes a finding or ruling on a motion
> or an issue, his determination should become that of the district court, unless
> specific objection is filed within a reasonable time."   See Jurisdiction of United
> States Magistrates, Hearings on S. 1283 before the Subcommittee on
> Improvements in Judicial Machinery of the Senate Committee on the Judiciary,
> 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).
> The Committee also heard Judge Metzner of the Southern District of New York,
> the chairman of a Judicial Conference Committee on the administration of the
> magistrate system, testify that he personally followed that practice.   See id., at 11
> ("If any objections come in, . . . I review [the record] and decide it.   If no
> objections come in, I merely sign the magistrate's order.").   The Judicial
> Conference of the United States, which supported the *de novo* standard of review
> eventually incorporated in § 636(b)(1)(C), opined that in most instances no party

---

generally determined that citation to unpublished opinions is not favored.
However, if an unpublished opinion or order and judgment has persuasive value
with respect to a material issue in a case and would assist the court in its
disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted).   The Court finds
that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the
Court in its disposition of this Order.

would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.   See Senate Hearings, at 35, 37.   Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.   There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.   It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.   We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"   One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).   Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").   In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.   See 73 F.3d at 1060-61 (citing cases from other circuits where district courts elected to address merits despite potential application of waiver rule, but circuit courts opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate's report. In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is

required.   Consequently, a brief order expressly stating the court conducted de novo review is sufficient."   Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).   "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."   Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion."   Garcia v. City of Albuquerque, 232 F.3d at 766.   The Tenth Circuit has explained that brief district court orders that "merely repeat[] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis.   We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42,

- 11 -

8 F.3d at 724-25 (holding that the district court's adoption of the magistrate judge's "particular reasonable-hour estimates" for an award of attorney's fees is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the Magistrate Judge's recommendations.   In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. See 2013 WL 1010401, at *1, *4.   The Court generally does not, however, "review the PF&RD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4.   The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the proposed findings and recommended disposition where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'"   Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (footnote and internal brackets omitted)(quoting Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.).   See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously

contrary to law, or an abuse of discretion.   The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not.").   This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").   The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

       **IT IS ORDERED** that: (i) the Magistrate Judge's Amended Report and Recommendations, filed September 5, 2014 (Doc. 172) is adopted in part and not adopted in part; and (ii) the Plaintiffs' Exceptions to Magistrate's Recommendations Supported by Verified Evidence with Plaintiffs' Findings of Fact and Conclusions of Law, filed September 18, 2014, (Doc. 173), are overruled in part and sustained in part.   The Court overrules Plaintiffs' Objections and adopts the PFRD in granting: (i) Leonard Russo and Terry Looper's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdiction Issues are

Resolved, filed October 24, 2013 (Doc. 60); (ii) Terry Braswell, Michael Deahl, and Jerry Webb's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdictional Issues are Resolved, filed October 28, 2013 (Doc. 69); and (iii) David Weekley's Motion to Dismiss Verified Amended Complaint (Doc. 16) Pursuant to Rules 12(b)(1) and 12(b)(6), to Quash Improper Service of Process, and Request to Defer Plaintiffs' Second Petition for Emergency Hearing (Doc. 21) Until Jurisdictional Issues are Resolved, filed November 1, 2013 (Doc. 77).   The Court additionally adopts the PFRD in denying Plaintiffs' 2nd Petition to the Court for Emergency Hearing for Temporary Restraining Order, filed September 25, 2013 (Doc. 21).   The Court sustains in part and overrules in part Plaintiffs' Objection, adopts in part and does not adopt in part the PFRD's recommendation to grant, and grants in part and denies in part the Executive Committee of the Southern Baptist Convention (ECSBS), Southern Baptist Convention (SBC), and D. August Boto's Motion to Dismiss Plaintiffs' Verified Amended Complaint (Doc. 16) Pursuant to Rule 12(b)(1) and Deny Plaintiffs' Second Petition to the Court for Emergency Hearing (Doc. 21), filed October 4, 2013 (Doc. 36).


_____
UNITED STATES DISTRICT JUDGE


*Parties and counsel:*

L. Kirk Tompkins
Susie Tompkins
Little Rock, Arkansas

       *Plaintiffs pro se*

Olivia Neidhardt
Janet Santillanes, P.C.
Albuquerque, New Mexico

-- and --

James P. Guenther
Guenther, Jordan & Price, P.C.
Nashville, Tennessee

-- and --

James T. Roach
Law Offices of James T. Roach
Albuquerque, New Mexico

> *Attorneys for the Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, Frank S. Page, D. August Boto, Fred Luter, David O. Dykes, Tommy G. Middleton, and Carol A. Yarber*

Rufus E. Thompson
Emil Kiehne
Modrall Sperling Roehl Harris & Sisk

> *Attorneys for the Defendants Lifeway Christian Resources of the Southern Baptist Convention, Glorieta 2.0, Inc., David Weekley, Leonard Russo, Terry Looper, Thom Rainer, Jerry L. Rhyne, Michael Deahl, Larry D. Cannon, Terry S. Braswell, Travis Best, Charles Carlisle, and Jerry Webb*