# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and SUSIE TOMPKINS,

      Plaintiffs,

vs.                                            No. CIV 13-0840 JB/CG

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION;
SOUTHERN BAPTIST CONVENTION;
LIFEWAY CHRISTIAN RESOURCES OF
THE SOUTHERN BAPTIST CONVENTION;
LIFEWAY CHRISTIAN RESOURCES OF
THE SOUTHERN BAPTIST CONVENTION,
INC.; GLORIETA 2.0, INC.; DAVID
WEEKLEY, LEONARD RUSSO, and TERRY
LOOPER, Directors of Glorieta 2.0, Inc.;
THOM RAINER, President, Lifeway Christian
Resources of the Southern Baptist Convention;
JERRY L. RHYNE, CFO, Lifeway Christian
Resources of the Southern Baptist Convention;
LARRY D. CANNON, Secretary, Lifeway
Christian Resources of the Southern Baptist
Convention; TERRY S. BRASWELL, TRAVIS
BEST, and CRAIG CARSLILE, Directors,
Lifeway Christian Resources of the Southern
Baptist Convention; FRANK S. PAGE,
President and CEO, Executive Committee of the
Southern Baptist Convention; and D. AUGUST
BOTO, Executive VP, Executive Committee of
the Southern Baptist Convention,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Executive Committee of the Southern

Baptist Convention (ECSBC), Southern Baptist Convention (SBC), Frank S. Page (Page), and D.

August Boto's (Boto) Motion to Dismiss Plaintiffs' Verified Third Amended Complaint and

Motions or Temporary Restraining Order and Preliminary Injunctive Relief for Protection from

Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc. 125) Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), filed May 6, 2014 (Doc. 131)("Motion").  The primary issue is whether the Court has personal jurisdiction over Defendants Executive Committee of the Southern Baptist Convention ("Executive Committee"), Southern Baptist Convention ("SBC"), Frank S. Page, and D. August Boto (collectively, "the moving Defendants").  The Court concludes that it lacks personal jurisdiction over the moving Defendants and will thus grant the Motion.

## FACTUAL BACKGROUND

This case involves the transfer of land known as the Glorieta Conference Center in Glorieta, Santa Fe County, New Mexico.  See Verified Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment ¶¶ 20-39, at 16-22, filed September 18, 2013 (Doc. 16)("FAC").  The Plaintiffs contend that they own a piece of this land, and that the Defendants have conspired or otherwise acted to fraudulently convey the Glorieta Conference Center to Defendant Glorieta 2.0, Inc.  See FAC ¶¶ 20-39, at 16-22.  The Plaintiffs further allege that the Defendants disregarded SBC's internal procedures in effectuating this transaction.  See, e.g., FAC ¶ 32, at 19.

## PROCEDURAL BACKGROUND

On September 4, 2013, the Plaintiffs, proceeding pro se, filed their Verified Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment, filed September 4, 2013 (Doc. 1)("Original Complaint"), naming approximately 127 Defendants and seeking to stop the sale of any of the Glorieta Conference Center property.  The Original Complaint also sought a

temporary restraining order and a preliminary injunction to stop the planned sale to Glorieta 2.0. See Original Complaint ¶¶ 40-45, at 22-24.  The Plaintiffs then filed their FAC.  The FAC sought to invalidate the sale to Glorieta 2.0, and also sought damages of $300,000.00 on account of the loss of quiet enjoyment of the lot.   See Amended Complaint ¶¶ 57-64, at 27-29. Thereafter, the Plaintiffs agreed to dismiss 113 of the 127 named Defendants.   See Order Dismissing Certain Defendants, filed November 21, 2013 (Doc. 102).

Subsequently, on March 24, 2014, the Honorable Robert H. Scott, United States Magistrate Judge for the District of New Mexico, entered, sua sponte, an Order for More Definite Statement, filed March 24, 2014 (Doc. 122), directing the Plaintiffs to amend their FAC to state what each remaining Defendant did to the Plaintiffs, when each Defendant did it, how the Defendant's action harmed the Plaintiffs, and what specific legal rights the Plaintiffs believe each Defendant violated.  See Order for More Definite Statement at 1, 4-7.  Judge Scott also ordered the Plaintiffs to state the basis for the Court's personal jurisdiction over each of the individual and institutional Defendants.  See Order for More Definite Statement at 5.

After the Plaintiffs filed their Verified Second Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment; Twelve Million, Four Hundred Thousand ($12,400,000.00) United States Dollars, filed April 8, 2014 (Doc. 123)("SAC"), Judge Scott entered, sua sponte, a Second Order for More Definite Statement, filed April 11, 2014 (Doc. 124) ("Second Order"), in which he found that the SAC did not clearly state what cause of action the Plaintiffs wished to pursue against each named Defendant, see Second Order at 1, 5.  Judge Scott explained that, although the Plaintiffs had enumerated claims, it remained unclear what legal rights the Plaintiffs were pursuing under each count and against which Defendant.  See Second

Order at 2.  He reiterated that the Plaintiffs must respond to the Defendants' argument that the Court lacks personal jurisdiction over certain Defendants and that their failure to do so could result in the dismissal of the case.  See Second Order at 4-5.

In response to Judge Scott's Second Order, the Plaintiffs filed their Verified Third Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment; Twelve Million, Four Hundred Thousand ($12,400,000.00) United States Dollars, filed April 17, 2014 (Doc. 125)("TAC").  The TAC alleges three counts against several individual and institutional Defendants, including the moving Defendants.  See TAC at 4-5.  Count I alleges that the moving Defendants, in concert with others, failed to abide by the SBC charter, bylaws, and constitution in allowing the Glorieta property to be sold.  See TAC at 5-7.  Count II alleges that all Defendants participated in the fraudulent conveyance of the Glorieta property. See TAC at 7-9.  Finally, Count III alleges a breach of an implied contract between Plaintiffs and Defendants that the Glorieta property would exist for another fifty years.  See TAC at 9-12.

The moving Defendants now move this Court to dismiss the TAC on several grounds. The Defendants first argue that the Court does not have personal jurisdiction, as they are all out-of-state defendants who lack sufficient contacts with New Mexico to satisfy the New Mexico long-arm statute and due process requirements.  See Motion at 7-10.  Second, the Defendants contend that the Plaintiffs have no standing to bring their claims alleging a breach of fiduciary duty by the Defendants, since the Plaintiffs are not members or directors of SBC or the Executive Committee.  See Motion at 10-12.  Third, the Defendants claim that the Court otherwise lacks subject-matter jurisdiction, or that the Plaintiffs fail to state a claim upon which relief can be granted, because the Plaintiffs request this Court to interpret a religious body's rules

and regulations in violation of the First Amendment.  <u>See</u> Motion at 13-19.  Finally, the
Defendants argue that the Plaintiffs' factual allegations are insufficient to survive their Motion.
<u>See</u> Motion at 19-23.

The Plaintiffs respond to the Defendants' Motion by generally restating the allegations in
their TAC.  <u>See</u> Plaintiff's Verified Response in Opposition to Defendants Executive Committee
of the Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC), Frank S.
Page (Page), and D. August Boto's (Boto) Motion To Dismiss Plaintiffs' Verified Third
Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive
Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc.
125) Pursuant to Rules 12(b)(l), 12(b)(2) and 12(b)(6) (Doc. 131), filed May 12, 2014
(Doc. 140)("Response").  With regard to the Defendants' challenge to personal jurisdiction, they
allege that the Court has personal jurisdiction over Defendants, but do not provide specific facts
connecting Defendants to New Mexico.  <u>See</u> Response at 4; Verified Brief in Support of
Plaintiff's Response Plaintiff's Verified Response in Opposition to Defendants Executive
Committee of the Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC),
Frank S. Page (Page), and D. August Boto's (Boto) Motion to Dismiss Plaintiffs' Verified Third
Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive
Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc.
125) Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6)(Doc. 131) at 2, 3, 7, 10, 13, filed May 12,
2014 (Doc. 140-1).

The Plaintiffs further respond to Defendants' reply, <u>see</u> Executive Committee of the
Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC), Frank S. Page
(Page), and D. August Boto's (Boto) Reply to Plaintiffs' Response to Defendants' Motion to

Dismiss (Doc. 140)("Reply"), with a surreply, see Plaintiffs Verified Rebuttal to Docket 144, Ref. Doc. 131, "Executive Committee of the Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC), Frank S. Page (Page), and D. August Boto's (Boto) Reply to Plaintiffs' Response to Defendnats' Motion to Dismiss" (Doc. 140), filed June 9, 2014 (Doc. 151).   Under the District of New Mexico Local Rules of Civil Procedure, a party may not file a surreply as of right, and must seek leave of the Court to do so.   See D.N.M. LR-CIV 7.4(b). Usually, leave to file a surreply is granted only where a new argument is made in a closing motion.   See Navajo Nation v. Urban Outfitters, Inc., 918 F. Supp. 2d 1245, 1252 (D.N.M. 2013).   Here, the Plaintiffs have neither requested leave from the Court to file a surreply nor have identified any new arguments made in the Defendants' Reply.   Although a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), a pro se party "nevertheless must follow the same rules of procedure that govern other litigants," Okla. Federated Gold and Numismatics, Inc. v. Blodgett, 24 F.3d 136, 139 (10th Cir. 1994). Therefore, the Court will not consider the Plaintiffs' surreply.

## STANDARD OF REVIEW

Where a defendant raises a timely challenge to personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction.   See Overton v. United States, 925 F.2d 1282, 1283 (10th Cir. 1991).   When faced with a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), a plaintiff is required only to make a prima facie showing of personal jurisdiction to defeat the motion.   Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1069 (10th Cir. 2008)("Dudnikov")(citing Intercon, Inc. v. Bell Atl. Internet Solutions,

Inc., 205 F.3d 1244, 1247 (10th Cir. 2000)); Coyazo-Hernandez v. Davis & Feder et al., No. CIV 04-1207 JB/WDS, at *14 (D.N.M. Aug. 17, 2005).

For the purposes of determining whether a plaintiff has made a prima facie showing of personal jurisdiction, the court must accept as true all factual allegations in the complaint. See AST Sports Science, Inc. v. CLF Distrib. Ltd., 514 F.3d 1054, 1057 (10th Cir. 2008); Dudnikov, 514 F.3d at 1070; Pytlik v. Prof'l Res., Ltd., 887 F.2d 1371, 1376 (10th Cir. 1989). "Similarly, any factual disputes in the parties' affidavits must be resolved in the plaintiff's favor." Dudnikov, 514 F.3d at 1070 (citing FDIC v. Oaklawn Apts., 959 F.2d 170, 174 (10th Cir. 1992)). See also AST Sports Sci., Inc., 514 F.3d at 1057. However, "[t]he plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." Pytlik, 887 F.2d at 1376 (citing Becker v. Angle, 165 F.2d 140, 141 (10th Cir. 1947)). See also AST Sports Sci., Inc., 514 F.3d at 1057 ("The plaintiff may make this prima facie case showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.")(internal citations omitted).

## ANALYSIS

"Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum." Smith v. Cutler, 504 F. Supp. 2d 1162, 1165-66 (D.N.M. 2007)(citing Benally v. Amon Carter Museum of W. Art, 858 F.2d 618, 621 (10th Cir. 1988))(citations omitted). In New Mexico, courts apply the following three-part test to determine whether personal jurisdiction exists over a particular out-of-state defendant: (i) whether the defendant commited an act or omission specifically set forth in New Mexico's long-arm statute, see N.M. Stat. Ann. § 38-1-16; (ii) whether the plaintiff's cause of action arises

out of the alleged acts or omissions; and (iii) whether the defendant has established sufficient minimum contacts with New Mexico to satisfy due process concerns.   See Tercero v. Roman Catholic Diocese of Norwich, Conn., 132 N.M. 312, 316 (2002)("Tercero").

New Mexico's long arm statute provides, in pertinent part:

A.   Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

(1)   The transaction of any business within this state;

. . .

(2)   The commission of a tortious act within this state.

N.M. Stat. Ann. § 38-1-16.   "This statute extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." Tercero, 132 N.M. at 316 (citations omitted).   As a result, in applying the three-part test, the analysis whether the defendant transacted business or committed a tortious act within New Mexico merges with the constitutional inquiry as to whether such activity constitutes minimum contacts in accordance with due process. See Tercero, 132 N.M. at 316.   See also Dudnikov, 514 F.3d at 1070.

To satisfy due-process requirements, a defendant must have sufficient "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." Dudnikov, 514 F.3d at 1070 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); AST Sports Sci., Inc., 514 F.3d at 1057 (citations omitted).   A defendant may have "minimum contacts" with the forum state in one of two ways, providing a court with either general jurisdiction or specific jurisdiction. Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1532-33 (10th Cir. 1996)(citations

omitted).  A court has general jurisdiction over an out-of-state defendant when the defendant's contacts with the forum state are "continuous and systematic," even if the suit is unrelated to the defendant's contacts with the state.  Trierweiler v. Croxton and Trench Holding Corp., 60 F.3d at 1532-33 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 & n.9 (1984)).  There is specific jurisdiction over an out-of-state defendant where that defendant has "purposefully directed" its activities at the forum state's residents, and the plaintiff's injuries "arise out of" the defendant's forum-related activities.  Dudnikov, 514 F.3d at 1071 (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

Here, it is undisputed that the moving Defendants are all out-of-state defendants.  See TAC at 2-4.  Specifically, both Page and Boto are citizens of Tennessee, the Executive Committee is incorporated and has offices in Tennessee, and SBC is incorporated in Georgia, with corporate offices in Georgia and Tennessee.  See TAC at 4.  Thus, for the Court to exercise jurisdiction over Defendants Page, Boto, the Executive Committee, and the SBC, the Plaintiffs must meet their burden of showing that the moving Defendants have sufficient minimum contacts with New Mexico to satisfy due-process requirements and fall within New Mexico's long-arm statute.

In their Motion, the moving Defendants argue that the Plaintiffs have not alleged a basis for personal jurisdiction for any of the moving Defendants, and that this case should be dismissed for lack of personal jurisdiction.  As for Defendants Page and Boto, the Defendants argue that they are both citizens and residents of Tennessee, and have not had any meaningful contact with New Mexico or personally with Plaintiffs.  See Motion at 6; Affidavit of D. August Boto, filed May 6, 2014 (Doc. 131-1)("Boto Affidavit"); Affidavit of Frank S. Page, filed May 6,

2014 (Doc. 131-2)("Page Affidavit").   Therefore, the Defendants maintain, both Defendants Page and Boto have insufficient contacts with New Mexico to satisfy due-process requirements.

The Defendants also allege that the SBC and ECSBC are two separate entities, both of which have insufficient connections to New Mexico to provide this Court with personal jurisdiction, as neither SBC nor the Executive Committee maintain offices in New Mexico, and they have never met in New Mexico.  See Motion at 6, 9-10; Boto Affidavit at 2.  In addition, the Defendants maintain that SBC and the Executive Committee do not own property in New Mexico.  See Motion at 6.  In an affidavit, the Defendants explain that the Executive Committee previously owned the Glorieta site in 1950, but conveyed that interest to another organization, LifeWay Christian Resources ("LCR"), by deed on June 14, 1950.  See Boto Affidavit at 2.

The Plaintiffs do not directly respond to Defendants' contentions, and generally restate the allegations from their TAC.  While the Plaintiffs allege in their TAC that the Defendants are out-of-state defendants for the purpose of establishing subject matter jurisdiction through diversity of citizenship, they do not allege that the Defendants have sufficient contacts with New Mexico to provide this Court with personal jurisdiction.

The Court acknowledges that where, as here, a party is proceeding pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  Hall v. Bellmon, 935 F.2d at 1110.  It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  Indeed, a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts," Hall v. Bellmon, 935 F.2d at 1110, and the plaintiff "nevertheless must follow the same rules of procedure that govern other litigants," Okla. Federated Gold and Numismatics, Inc., 24 F.3d at 139.

- 10 -

Even a broad reading of the TAC and Response does not provide a prima facie showing of personal jurisdiction over the Defendants.  The Plaintiffs have simply failed to provide facts supporting a connection between Defendants and the state of New Mexico, besides the Plaintiffs' general allegation that the SBC and Executive Committee were involved in the fraudulent sale of Glorieta.  In the face of the Defendants' affidavits stating that neither the SBC nor the Executive Committee owned Glorieta at the time of the transfer, and that no Defendant has made any other contacts with New Mexico, this allegation is not enough.  The Court also notes that Plaintiffs have had several opportunities to address the issue, as they were directed to do so by Judge Scott in both orders for a more definite statement.  As a result, the Court finds that the Plaintiffs have not met their burden of making a prima facie showing of personal jurisdiction over the moving Defendants.

For the reasons stated above, the Court finds that Plaintiffs have not made a prima facie showing of personal jurisdiction over Defendants, and therefore the Court does not have jurisdiction over Defendants Page, Boto, the SBC, and the Executive Committee.

**IT IS ORDERED** that Executive Committee of the Southern Baptist Convention (ECSBC), Southern Baptist Convention (SBC), Frank S. Page (Page), and D. August Boto's (Boto) Motion to Dismiss Plaintiffs' Verified Third Amended Complaint and Motions or Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment (Doc. 125) Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), filed May 6, 2014 (Doc. 131), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Lawrence Kirk Tompkins
Little Rock, Arkansas

> *Plaintiff pro se*

James T. Roach
Albuquerque, New Mexico

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, Frank S. Page, and D. August Boto*

--and--

Olivia Neidhardt
Janet Santillanes, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, and Frank S. Page*

--and--

James P. Guenther
Guenther, Jordan & Price, P.C.
Nashville, Tennessee

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, and D. August Boto*

Emil Kiehne
Rufus E. Thompson
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants Lifeway Christian Resources of the Southern Baptist Convention, Lifeway Christian Resources of the Southern Baptist Convention, Inc., Glorieta 2.0, Inc., David Weekley, Leonard Russo, Terry Looper, Thom Rainer, Jerry L. Rhyne, Michael Deahl, Larry D. Cannon, Terry S. Braswell, Travis Best, and Charles Carlisle*