IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and SUSIE TOMPKINS,

      Plaintiffs,

vs.   No. CIV 13-0840 JB/CG

EXECUTIVE COMMITTEE OF THE
SOUTHERN BAPTIST CONVENTION;
SOUTHERN BAPTIST CONVENTION;
LIFEWAY CHRISTIAN RESOURCES OF
THE SOUTHERN BAPTIST CONVENTION;
LIFEWAY CHRISTIAN RESOURCES OF
THE SOUTHERN BAPTIST CONVENTION,
INC.; GLORIETA 2.0, INC.; DAVID
WEEKLEY, LEONARD RUSSO, and TERRY
LOOPER, Directors of Glorieta 2.0, Inc.;
THOM RAINER, President, Lifeway Christian
Resources of the Southern Baptist Convention;
JERRY L. RHYNE, CFO, Lifeway Christian
Resources of the Southern Baptist Convention;
LARRY D. CANNON, Secretary, Lifeway
Christian Resources of the Southern Baptist
Convention; TERRY S. BRASWELL, TRAVIS
BEST, and CRAIG CARSLILE, Directors,
Lifeway Christian Resources of the Southern
Baptist Convention; FRANK S. PAGE,
President and CEO, Executive Committee of the
Southern Baptist Convention; and D. AUGUST
BOTO, Executive VP, Executive Committee of
the Southern Baptist Convention,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Strike Plaintiffs' Verified Third Amended Complaint (Doc. 125) as a Sanction, filed May 8, 2014 (Doc. 136)("Motion"). The primary issue is whether the Court should strike the Plaintiffs' Verified Third Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for

Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment; Twelve Million, Four Hundred Thousand ($12,400,000.00) United States Dollars, filed April 17, 2014 (Doc. 125) ("TAC"), as a sanction for their refusal to obey court orders.  Having reviewed the parties' briefings and the relevant law, the Court concludes that it should deny the Motion.

## FACTUAL BACKGROUND

This case involves the transfer of land known as the Glorieta Conference Center in Glorieta, Santa Fe County, New Mexico.  See Verified Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment ¶¶ 20-39, at 16-22, filed September 18, 2013 (Doc. 16)("FAC").  Plaintiffs L. Kirk Tompkins and Susie Tompkins contend that they own a piece of this land, and that the Defendants have conspired or otherwise acted to fraudulently convey the Glorieta Conference Center to Defendant Glorieta 2.0, Inc.  See FAC ¶¶ 20-39, at 16-22.  The Tompkins further allege that the Defendants disregarded SBC's internal procedures in effectuating this transaction.  See, e.g., FAC ¶ 32, at 19.

## PROCEDURAL BACKGROUND

On September 4, 2013, the Tompkins, proceeding pro se, filed their Verified Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment, filed September 4, 2013 (Doc. 1)("Original Complaint"), naming approximately 127 Defendants and seeking to stop the sale of any of the Glorieta Conference Center property.  The Original Complaint also sought a temporary restraining order and preliminary injunction to stop the planned sale to Glorieta 2.0.  See Original Complaint ¶¶ 40-45, at 22-24.  The Tompkins then filed their FAC.  The FAC sought to invalidate the sale to Glorieta 2.0, and also sought damages of $300,000.00 on account

of the loss of quiet enjoyment of the lot.  See Amended Complaint ¶¶ 57-64, at 27-29. Thereafter, the Tompkins agreed to dismiss 113 of the 127 named Defendants.  See Order Dismissing Certain Defendants, filed November 21, 2013 (Doc. 102).

Subsequently, on March 24, 2014, the Honorable Robert H. Scott, United States Magistrate Judge for the District of New Mexico, entered, sua sponte, an Order for More Definite Statement, filed March 24, 2014 (Doc. 122), directing the Tompkins to amend their FAC to state what each remaining Defendant did to the Tompkins, when each Defendant did it, how the Defendant's action harmed the Tompkins, and what specific legal rights the Tompkins believe each Defendant violated.  See Order for More Definite Statement at 1, 4-7.  Judge Scott also ordered the Tompkins to state the basis for the Court's personal jurisdiction over each of the individual and institutional Defendants.  See Order for More Definite Statement at 5.

After the Tompkins filed their Verified Second Amended Complaint and Motions for Temporary Restraining Order and Preliminary Injunctive Relief for Protection from Unlawful Sale and Disposition and Breach of Quiet Enjoyment; Twelve Million, Four Hundred Thousand ($12,400,000.00) United States Dollars, filed April 8, 2014 (Doc. 123)("SAC"), Judge Scott entered, sua sponte, a Second Order for More Definite Statement, filed April 11, 2014 (Doc. 124) ("Second Order"), in which he found that the SAC did not clearly state what cause of action the Tompkins wished to pursue against each named Defendant.  See Second Order at 1, 5.  Judge Scott explained that, although the Tompkins had enumerated claims, it remained unclear what legal rights the Tompkins were pursuing under each count and against which Defendant.  See Second Order at 2.  He reiterated that the Tompkins must respond to the Defendants' argument that the Court lacks personal jurisdiction over certain Defendants and that their failure to do so could result in the dismissal of the case.  See Second Order at 4-5.

In response to Judge Scott's Second Order, the Tompkins filed their TAC. The TAC alleges three counts against several individual and institutional Defendants, including the moving Defendants. See TAC at 4-5. Count I alleges that the moving Defendants, in concert with others, failed to abide by the SBC charter, bylaws, and constitution in allowing the Glorieta property to be sold. See TAC at 5-7. Count II alleges that all Defendants participated in the fraudulent conveyance of the Glorieta property. See TAC at 7-9. Finally, Count III alleges a breach of an implied contract between the Tompkins and the Defendants that the Glorieta property would exist for another fifty years. See TAC at 9-12.

The moving Defendants now move the Court to strike the TAC on the ground that the Tompkins failed to comply with Judge Scott's two orders for a more definite statement. The moving Defendants argue that the Judge Scott ordered the Tompkins to allege specifically facts supporting their claims that the Defendants violated their legal rights and that the TAC fails to do so. See Motion at 2-3. The Tompkins respond that, while their TAC may not have been "artfully drafted," it alleges sufficient facts to provide a fair idea of their claims and the relief sought. See Plaintiff's Verified Response in Opposition to Defendants Motion to Strike Plaintiffs' Verified Third Amended Complaint (Doc. 125) as a Sanction (Doc. 136) at 2, filed May 12, 2014 (Doc. 141)("Response"). The Tompkins also emphasized that, as pro se litigants, their filings are to be construed liberally. See Response at 3-4.

## ANALYSIS

Pursuant to rule 12(e), a court may order a "more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Here, Judge Scott issued two orders for a more definite statement. In response to the first Order, the Tompkins filed their SAC, and in

response to the Second Order, the Tompkins filed their TAC.  The moving Defendants argue that both complaints fail to comply with Judge Scott's orders in that they do not clearly specify which Defendants are liable to the Tompkins on which claims, and they fail to allege sufficiently the circumstances constituting fraud.  See Fed. R. Civ. P. 9(b).

Under rule 12, if a court's order for a more definite statement "is not obeyed in 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."  Fed. R. Civ. P. 12(e).  Because the Defendants seek dismissal of the TAC with prejudice, the Court's dismissal of this action would operate as an involuntary dismissal under Fed. R. Civ. P. 41(b) (allowing a district court to dismiss an action with prejudice if the plaintiff fails to comply with the Federal Rules of Civil Procedure or any order of the court).  See generally Crisler v. Sedgwick Cty., Kan., 490 F. App'x 983, 984 (10th Cir. 2012) (unpublished)(affirming the district court's dismissal with prejudice for failure to comply with the court's order for a more definite statement under Rule 12(e)).  To dismiss an action under rule 41(b), the Court must consider whether the following criteria support a dismissal:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003)(citing Mobly v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)).

The Court is not inclined to dismiss the TAC for failure to comply with the orders for more definite statement.  First, the Court is mindful that the Tompkins are proceeding pro se and does not consider the Tompkins to be particularly culpable. As the Tompkins note in their Response, pro se litigants' pleadings must be construed liberally and are held to a less stringent standard than is required of a party represented by counsel.  See Hall v. Bellmon, 935 F.2d 1106,

1112 (10th Cir. 1991).  Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005)(quoting Hall v. Bellmon, 935 F.2d at 1110)(alterations omitted).  Nevertheless, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  Garrett v. Selby, Connor, Maddux & Janer, 425 F.3d at 840.

It is true that the Tompkins pleadings are not always easy to follow, include conclusory statements, and are not concise.  The Court does not, however, find that the Tompkins' submissions are so incomprehensible as to rise to the level of disobeying the Court's orders.  Indeed, the Tompkins have informed the Court of the case's general nature and include in their TAC enumerated claims in which they name specific Defendants.  The Tompkins have also drastically shortened and clarified their claims, pursuant to Judge Scott's Second Order.  Compare SAC (41 pages with a 54-page supporting brief), with TAC (13 pages with four exhibits).

Second, for the same reasons, the Court does not conclude that the Tompkins have significantly interfered with the judicial process.  The Tompkins have filed their amended complaints as ordered by the deadlines imposed by Judge Scott, and the filings seem to attempt to address Judge Scott's concerns.

Third, the moving Defendants have not alleged, and the Court does not find, any particular prejudice to the moving Defendants.  All Defendants have filed motions to dismiss in response to the Tompkins' pleadings, which are also pending before the Court.  Whether the

Tompkins' pleadings allege sufficient facts to survive a motion to dismiss is an entirely separate question, which the Court does not consider here.

Furthermore, while Judge Scott advised the Tompkins that he may strike the pleading for failure to obey the Court's order, he did not warn the Tompkins that he would dismiss their entire case.  See Order for More Definite Statement at 5.  Again, given that the Tompkins are proceeding pro se, the Court does not find that this warning supports a dismissal of the complaint.

Finally, while it is unclear whether lesser sanctions would be effective in producing clearer pleadings, in light of the foregoing considerations, the Court finds that the above criteria cannot support a dismissal of this case with prejudice.  Therefore, the Court declines to dismiss the TAC as a sanction for failing to comply with Judge Scott's orders for more definite statement.  For the reasons stated above, the Court does not find that the TAC fails to comply with the Judge Scott's orders for more definite statement.  Accordingly, the Court will not strike the TAC.

**IT IS ORDERED** that Motion to Strike Plaintiffs' Verified Third Amended Complaint (Doc. 125) as a Sanction, filed May 8, 2014 (Doc. 136), is denied.

                                                             /s/ James O. Browning
                                                          UNITED STATES DISTRICT JUDGE

*Counsel*:

Lawrence Kirk Tompkins
Little Rock, Arkansas

      *Plaintiff pro se*

James T. Roach
Albuquerque, New Mexico

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, Frank S. Page, and D. August Boto*

--and--

Olivia Neidhardt
Janet Santillanes, P.C.
Albuquerque, New Mexico

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, and Frank S. Page*

--and--

James P. Guenther
Guenther, Jordan & Price, P.C.
Nashville, Tennessee

> *Attorneys for Defendants Executive Committee of the Southern Baptist Convention, Southern Baptist Convention, and D. August Boto*

Emil Kiehne
Rufus E. Thompson
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

> *Attorneys for Defendants Lifeway Christian Resources of the Southern Baptist Convention, Lifeway Christian Resources of the Southern Baptist Convention, Inc., Glorieta 2.0, Inc., David Weekley, Leonard Russo, Terry Looper, Thom Rainer, Jerry L. Rhyne, Michael Deahl, Larry D. Cannon, Terry S. Braswell, Travis Best, and Charles Carlisle*